[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought a multi-count writ against the defendants. In their answer filed on October 12, 2001, the defendants answered the First Count for unjust enrichment; the Second Count for vexatious suit; the Third Count for negligence; the Fourth Count for intentional and unintentional infliction of emotional distress and physical harm; and the Fifth Count for violation of the Connecticut Unfair Trade Practice Act. In addition, the defendants filed two special defenses which read as follows:
 "First Special Defense: Plaintiff's complaint is barred by the doctrine of res judicata. Second Special Defense: Plaintiff is collaterally estopped from asserting the claims made in this lawsuit."
On December 5, 2001 the plaintiff moved to strike the special defenses alleging:
 "(1) They are insufficient as a matter of law because they are mere conclusions that are unsupported by the allegation of any facts whatsoever; (2) Prior summary process actions cannot, as a matter of law, form the basis for applying res judicata to preclude the plaintiffs claims for damages;
 (3) collateral estoppel is inappropriate, as a matter of law, because none of the issues in this case have been fully and fairly litigated in prior summary process actions."
The court grants the motion to strike because it finds that the special defenses are merely conclusions of law unsupported by any facts.
The court recognizes that there is authority in Connecticut for the proposition that res judicata effect is not given to summary process actions for the reason that summary process actions are designed to decide "the simple question of who is entitled to possession." Fenyes v.McMillan, 2000 WL 32803, at 3 (Conn.Supr. March 10, 2002, Melville, J.,Carnese v. Middleton, 27 Conn. App. 530, 535 (1992). Further, under claims preclusion analysis, a claim would include all rights of a party to remedies against another party with respect to all or any part of the transaction or series of related events, out of which the claim arose. CT Page 8538Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 364-365
(1986). While this court expresses some skepticism about summary process being used as a basis for applying res judicata, the absence of any specific facts in support of the special defenses is a more fundamental problem. In considering a motion to strike a court must consider the facts in the special defense in the light most favorable to the pleader. However, "a motion to strike is properly granted if the [special defense] alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix medical Systems v. BOC Group, Inc., 224 Conn. 210, 215
(1992).
Because no facts are contained in the special defenses the court is unable to adequately analyze what facts may have previously been litigated in the summary process and compare them to the facts relied on in the instant case. The court recognizes that the memorandum of decision in the summary process action has been submitted, but that would constitute proof of what was considered at the summary process action and still has not been pled in the instant matter.
Because the court regards the special defenses as mere conclusions of law, with no facts which may be subject to analysis, the motion to strike is granted for the first reason offered. The court is unable at this time to rule on either the question of res judicata or the question of collateral estoppel.
By the Court,
 Kevin E. Booth Judge of the Superior Court